IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv121

| | |
|---|---|
| MILDRED TINA SEKE, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>FIVE STAR QUALITY CARE - OBX )<br>OPERATOR, LLC, d/b/a LEGACY )<br>HEIGHTS SENIOR LIVING, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on defendant's Motion to Dismiss for Want of Prosecution. In response to such motion, on January 4, 2012, Honorable David C. Keesler, United States Magistrate Judge, entered an Order advising plaintiff, who is proceeding *pro se*, of her right to respond to such motion and further advising plaintiff that failure to respond may result in dismissal of the Complaint. Judge Keesler allowed plaintiff until January 20, 2012, to file her response. See Order (#15). Review of the court's docket on January 23, 2012, reveals that no response was filed by such date.

Defendant seeks dismissal under Rule 41(b), Federal Rule of Civil Procedure, for failure to prosecute, and such rule provides for involuntarily dismissal of an action "[f]or failure of the plaintiff . . . to comply with rules or any order of court." The Court of Appeals for the Fourth Circuit has repeatedly noted that such involuntary dismissal with prejudice is a "harsh" result and must be employed with caution.

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. Id. First, the court must consider the "degree of personal responsibility on the part of the plaintiff." Id. Second, it must determine the "amount of prejudice to the defendant." Id. Third, it must look to the record to see

-1-

if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Id. Finally, the court must consider whether "sanctions less drastic than dismissal" will be effective. Id.

Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003).[1] Further, the appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997).

The court finds that Judge Keesler has provided plaintiff with a clear and explicit warning in his Order, which he sent to her via certified mail, and that such warning went unheeded. It appearing that no less severe alternative would be effective and that plaintiff has abandoned this litigation, the court will dismiss this action.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss for Want of Prosecution (#13) is **GRANTED,** and this action is **DISMISSED with prejudice**.

Signed: January 23, 2012

Max O. Cogburn Jr.
United States District Judge

---

[1] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.